# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS MARK HAYNES,<br><br>Petitioner,<br><br>v.<br><br>ANDRE MATEVOUSIAN,<br><br>Respondent. | Case No. 1:18-cv-00245-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

Petitioner Willis Mark Haynes is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner challenges his conviction and sentence imposed by the United States District Court for the Southern District of Maryland. As this Court does not have jurisdiction to entertain the instant petition pursuant to the savings clause of 28 U.S.C. § 2255(e), the undersigned recommends dismissal of the petition.

## I.
## BACKGROUND

Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence imposed by the United States District Court for the Southern District of Maryland for murder, kidnapping, and use of a handgun during a crime of violence. (ECF No. 1 at 2).[1] The Fourth Circuit affirmed Petitioner's conviction and sentence. Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which the Southern District of Maryland denied on July 16, 2006. (ECF No. 1 at 2).

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On February 20, 2018, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Therein, Petitioner asserts that the indictment was defective. (ECF No. 1 at 3). On March 13, 2018, the Court ordered Petitioner to show cause why the petition should not be dismissed for lack of jurisdiction. (ECF No. 9). Petitioner filed his response to the order to show cause on May 15, 2018. (ECF No. 12).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). Thus, a district court must address the threshold question whether a petition was properly brought under § 2241 or § 2255 in order to determine whether the district court has jurisdiction. Id. A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

With respect to the second requirement, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060. In determining whether a petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008) (quoting Ivy, 328 F.3d at 1060–61).

In the petition, Petitioner asserts that the indictment was defective because it did not charge the first or second element of the offense and failed to specify which subsection of 18 U.S.C. § 2 was being charged. (ECF No. 1 at 3). However, Petitioner's assertions regarding a defective indictment challenge the legal sufficiency of the convictions rather than demonstrate Petitioner's factual innocence. Although Petitioner argues that this Court has jurisdiction to entertain the petition "due to the fact that Trial Counsel and Appellate Counsel didn't preserve the issue on direct appeal nor was it discovered before his filing of his 2255 motion to vacate sentence," Petitioner's assertion fails to establish that the *legal* basis for his claim arose only after he had exhausted his direct appeal and first § 2255 motion.

///

Based on the foregoing, the Court finds that Petitioner has not satisfied the two requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, this Court lacks jurisdiction over the instant petition.

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ." 28 U.S.C. § 1631. This provision applies to habeas petitions. See Hernandez, 204 F.3d at 865 n.6 (noting that § 1631 allows transfer of habeas petition to cure want of jurisdiction). "Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citing Kolek v. Engen, 869 F.2d 1281, 1284 (9th Cir. 1989)).

As noted above, Petitioner previously filed a § 2255 motion in the Southern District of Maryland. (ECF No. 1 at 2). Thus, the United States District Court for the Southern District of Maryland would not have jurisdiction to entertain a "second or successive" § 2255 motion unless Petitioner first obtained authorization from the appropriate court of appeals. 28 U.S.C. § 2255(h); United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009). Accordingly, the undersigned concludes that transfer would not be appropriate in this instance because the transferee court could not have exercised jurisdiction at the time this action was filed.

### III.
### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2018**  /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE